Daniel Kotchen (*pro hac vice application to be filed*)
Michael von Klemperer (*pro hac vice application to be filed*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com; mvk@kotchen.com

Gregory P. Olson (SBN 177942)
**LAW OFFICE OF GREGORY P. OLSON**
501 West Broadway, Suite 1370
San Diego, CA 92101
Telephone: (619) 564-3650
Email: greg@olsonesq.com

Attorneys for IMAGENETIX, INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGENETIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBINSON PHARMA, INC., a California corporation, DOCTOR'S CLINICAL, INC., a California corporation d/b/a U.S. DOCTOR'S CLINICAL, GERO VITA, INC., a California corporation, NUTRIVITA LABORATORIES, INC., a California corporation, VITASTRONG, INC., a California corporation d/b/a GARDAVITA,<br><br>Defendants. | CASE NO: **'14CV2557 GPC KSC**<br><br>**COMPLAINT FOR:**<br><br>PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Imagenetix, Inc. ("Imagenetix"), by and through the undersigned counsel, alleges as follows:

### PARTIES

1. Plaintiff Imagenetix is a corporation organized and existing under the laws of the State of Nevada and has a principal place of business at 10845 Rancho Bernardo Road, San Diego, CA 92127. Imagenetix is a dietary supplement manufacturing company principally engaged in developing, formulating, and marketing over-the-counter, natural-based nutritional supplements and skin care products.

COMPLAINT

2. Defendant Robinson Pharma, Inc. ("Robinson Pharma") is a California corporation with its principal place of business at 3330 S. Harbor Boulevard, Santa Ana, CA 92704. On information and belief, Defendant Robinson Pharma is a subsidiary, affiliate, or parent corporation of Defendants Doctor's Clinical, Inc., (d/b/a and hereinafter "U.S. Doctor's Clinical"), Gero Vita, Inc. (hereinafter "Gero Vita"), Nutrivita Laboratories, Inc. (hereinafter "Nutrivita"), and/or Vitastrong, Inc. (d/b/a and hereinafter "Gardavita"). Defendant Robinson Pharma manufactures and offers for sale and sells Arthro-7 and Arthro-8 (hereinafter the "accused products").

3. Defendant U.S. Doctor's Clinical is a California corporation with its principal place of business at 2781 W. MacArthur Boulevard, B-363, Santa Ana, CA 92704. On information and belief, Defendant U.S. Doctor's Clinical is a subsidiary, affiliate, or parent corporation of Defendants Robinson Pharma, Gero Vita, Nutrivita, and/or Gardavita. Defendant U.S. Doctor's Clinical offers for sale and sells the accused products.

4. Defendant Gero Vita is a California corporation with its principal place of business at 2701 Harbor Boulevard, Suite E2-#216, Costa Mesa, CA 92626. On information and belief, Defendant Gero Vita is a subsidiary, affiliate, or parent corporation of Defendants U.S. Doctor's Clinical, Robinson Pharma, Nutrivita, and/or Gardavita. Defendant Gero Vita publishes the *Journal of Longevity*. Defendant Gero Vita offers for sale and sells the accused products.

5. Defendant Nutrivita is a California corporation with its principal place of business at 2781 W. MacArthur Boulevard #B-305, Santa Ana, CA 92704. On information and belief, Defendant Nutrivita is a subsidiary, affiliate, or parent corporation of Defendants U.S. Doctor's Clinical, Robinson Pharma, Gero Vita, and/or Gardavita. Nutrivita offers for sale and sells Arthro-7.

6. Defendant Gardavita is a California corporation with its principal place of business at 17870 Newhope Street, Suite 104-238, Fountain Valley, CA 92708. On information and belief, Defendant Gardavita is a subsidiary, affiliate, or parent corporation of Defendants U.S. Doctor's Clinical, Robinson Pharma, Gero Vita, and/or Nutrivita. Defendant Gardavita publishes *Gardavita Magazine*. Defendant Gardavita offers for sale and sells the accused products.

7. Defendants Robinson Pharma, U.S. Doctor's Clinical, Gero Vita, Nutrivita, and

Gardavita, are referred to collectively herein as "Defendants," unless a specific defendant is named or the context otherwise requires. In addition, and upon information and belief, Robinson Pharma, U.S. Doctor's Clinical, Gero Vita, Nutrivita, and Gardavita share owners, officers, directors, and/or employees.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332(a)(1) (diversity of citizenship), and 28 U.S.C. § 1338 (patents). The matter in controversy exceeds the sum or value of $75,000 USD, exclusive of interest and costs, and is between parties that have their principal place of business and are incorporated and reside in different states.

9.      Defendants are subject to personal jurisdiction in the Southern District of California (the "District") because Defendants: (a) maintain offices and facilities in the State of California; (b) offer their products for sale in this District through various means such as the Internet and tradeshows in California; (c) have transacted business in this District; and (d) have committed, contributed to, and/or induced acts of patent infringement in this District.

10.     Venue in this District is proper under 28 U.S.C. §§ 1391(b)(1)-(2), (d), and 28 U.S.C. § 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, the Defendants reside in this District, and/or all Defendants are subject to personal jurisdiction in the State of California.

## STATEMENT OF FACTS

### U.S. Patent 5,569,676

11.     Plaintiff Imagenetix owns and possess all rights to U.S. Patent 5,569,676 (the "'676 Patent") entitled, "Method for the Treatment of Osteoarthritis." The '676 Patent is directed to the treatment of osteoarthritis in mammals through the use of therapeutically effective doses of cetyl myristoleate. A copy of the '676 Patent is attached as Exhibit 1.

12.     On August 16, 2013, the Patent Trial and Appeal Board of the United States Patent and Trademark Office issued a decision affirming the validity of the '676 patent. A copy of the

PTAB decision is attached as Exhibit 2.

13. Robinson Pharma has manufactured for Imagenetix and other companies products used to treat osteoarthritis that contain therapeutically effective doses of cetyl myristoleate and has printed on the label the '676 Patent, indicating that the products were claimed by the patent.

### The Accused Products: Arthro-7 and Arthro-8

14. Defendants Robinson Pharma, U.S. Doctor's Clinical, Gardavita, Gero Vita, and Nutrivita, offer for sale and sell a dietary supplement called Arthro-7 that contains therapeutically effective doses of cetyl myristoleate and is used to treat osteoarthritis. Defendants Robinson Pharma, U.S. Doctor's Clinical, and Gardavita sell a dietary supplement called Arthro-8, which – like Arthro-7 – contains therapeutically effective doses of cetyl myristoleate and is used to treat osteoarthritis.

15. Robinson Pharma manufactures the accused products and supplies them to the other Defendants. The Defendants have sold over 8 million bottles of Arthro-7.

### Defendants Promote the Accused Products to Treat Osteoarthritis

16. Defendants promote the accused products as a treatment for osteoarthritis and have assisted in studies marketed to consumers demonstrating the efficacy of the accused products in treating osteoarthritis.

17. For example, Robinson Pharma provided Arthro-7 and placebo capsules used in two osteoarthritis studies that have served as marketing tools for the accused products. The first study, "Effects of Arthro-7 in relieving symptoms of osteoarthritis with mild to Moderate Arthralgia," was published in March 27, 2013 edition the journal *Nutrition and Dietary Supplements* (the "*Nutrition and Dietary Supplements* study"). That study concludes that, "Arthro-7 has shown potent effects in improving and relieving osteoarthritis-related symptoms...." The second study, "Effects of AR7 Joint Complex on arthralgia for patients with osteoarthritis: Results of a three month study in Shanghai, China," was published in the October 27, 2008 journal *Nutrition Journal* (the "*Nutrition Journal* study"). That study concludes that "AR7 Joint Complex [*i.e.* Arthro-7] appears to have short-term effects in relieving pain in patients with osteoarthritis."

18. U.S. Doctor's Clinical promotes the Arthro-7 product as a treatment for osteoarthritis

on its websites, www.usdoctorsclinical.com and www.arthro7.com (which redirects to www.usdoctorsclinical.com), by, for example, citing to the *Nutrition and Dietary Supplements* study and the *Nutrition Journal* study. U.S. Doctor's Clinical also provides a link on its website to download the *Nutrition and Dietary Supplements* study. U.S. Doctor's Clinical further promotes the Arthro-7 product as a treatment for osteoarthritis by including on its websites positive testimonials from individuals who have used the Arthro-7 product to treat their osteoarthritis.

19. Gero Vita promotes the Arthro-7 product as a treatment for osteoarthritis on its website www.gvi.com by, for example, citing to the *Nutrition and Dietary Supplements* study.

20. Gardavita promotes the Arthro-7 and Arthro-8 products as treatments for osteoarthritis on its website www.gardavita.com, by, for example citing to the *Nutrition and Dietary Supplements* study and *Nutrition Journal* study. Gardavita's magazines, *Gardavita Magazine* and *Gardavita Journal of Longevity*, contain advertisements for Arthro-7 and Arthro-8, which also reference the *Nutrition and Dietary Supplements* study and the *Nutrition Journal* study. Gardavita further promotes the Arthro-7 product as a treatment for osteoarthritis by including positive testimonials on its website from individuals who have used the Arthro-7 product to treat their osteoarthritis.

21. Nutrivita promotes the Arthro-7 product as a treatment for osteoarthritis on its website www.nutrivita.com by, for example, citing the *Nutrition Journal* study.

## FIRST CLAIM FOR RELIEF

(Direct Infringement of the '676 Patent)

22. Plaintiff Imagenetix re-alleges each preceding paragraph as though fully set forth herein.

23. The '676 Patent is valid and enforceable.

24. In violation of 35 U.S.C. § 271(a) Defendants have been and are jointly and severally directly infringing the '676 Patent by, among other things, practicing one or more of the claims of the '676 Patent, including, for example, providing the accused products for osteoarthritis studies, promoting the accused products for the treatment of osteoarthritis, and designing the accused

products to treat osteoarthritis with therapeutically effective doses of cetyl myristoleate.

25. Defendants have willfully infringed the '676 Patent by continuing their acts of infringements with knowledge of the '676 Patent.

26. Defendants have profited and continue to profit through their infringement of the '676 Patent.

27. As a result of Defendants' unlawful infringement of the '676 Patent, Plaintiff Imagenetix has suffered and will continue to suffer damages. Plaintiff Imagenetix is entitled to recover damages, including treble damages, from Defendants as a result of their unlawful acts under 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF

(Induced Infringement of the '676 Patent)

28. Plaintiff Imagenetix re-alleges each preceding paragraph as though fully set forth herein.

29. Defendants have jointly and severally, and with full knowledge of the '676 Patent and with specific intent, induced their customers to infringe the '676 Patent by, for example, promoting the accused products for treatment of osteoarthritis, in violation of 35 U.S.C. § 271(b). In so doing, Defendants have induced their customers to practice one or more claims of the '676 Patent.

30. Defendants have profited and continue to profit by inducing the infringement of the '676 Patent.

31. As a result of Defendants' unlawful infringement of the '676 Patent, Plaintiff Imagenetix has suffered and will continue to suffer damages. Plaintiff Imagenetix is entitled to recover damages from Defendants as a result of their unlawful acts under 35 U.S.C. § 284. Defendants' willful infringement entitles Plaintiff Imagenetix to treble damages under 35 U.S.C. § 284.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Imagenetix prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it such relief, including, but not limited to the following:

A. an award of damages under 35 U.S.C § 284 for Defendants' infringement of the '676 Patent, together with pre-judgment and post-judgment interest;

B. a trebling of said damages pursuant to 35 U.S.C. § 284;

C. an award of attorney fees pursuant to 35 U.S.C. § 285;

D. and any other such relief that this Court deems just and proper.

DATED:   October 27, 2014                              Respectfully submitted,


By: s/Gregory P. Olson

Gregory P. Olson (SBN 177942)
**LAW OFFICE OF GREGORY P. OLSON**
501 West Broadway, Suite 1370
San Diego, CA 92101
Telephone: (619) 564-3650
Email: greg@olsonesq.com

Daniel Kotchen
Michael von Klemperer
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
mvk@kotchen.com

Attorneys for IMAGENETIX, INC.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: October 27, 2014

Respectfully submitted,

By: s/Gregory P. Olson

Gregory P. Olson (SBN 177942)
**LAW OFFICE OF GREGORY P. OLSON**
501 West Broadway, Suite 1370
San Diego, CA 92101
Telephone: (619) 564-3650
Email: greg@olsonesq.com

Daniel Kotchen
Michael von Klemperer
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
mvk@kotchen.com

Attorneys for IMAGENETIX, INC.